**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**FRANK EDWARD KING,**

    **Plaintiff,**

vs.                                        **CASE NO. 4:06cv141-RH/WCS**

**MICHAEL J. ASTRUE,
Commissioner of Social Security,**

    **Defendant.**

    _____/

## REPORT AND RECOMMENDATION

This is a social security case referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D. LOC. R. 72.2(D).  It is recommended that the decision of the Commissioner be affirmed.

**Procedural status of the case**

Plaintiff, Frank Edward King, proceeds in this case *pro se*.  He applied for disability insurance benefits alleging that he became disabled on January 1, 1983, due to Viet Nam war wounds and injuries in his legs, feet, arm, shoulder, jawbone, back, hip, and ear, with shrapnel remaining in some of these injuries, and post traumatic stress

disorder. Plaintiff was 58 years old at the time of the administrative hearing, had an 11th grade education, and had past relevant work as an electrician.

Disability insurance benefits are benefits paid to claimants who have been steadily working and then become disabled and unable to work. A claim for disability insurance benefits, however, must be timely filed. By statute, such a claim must be filed during a specified period following the date of cessation of work. This period is referred to as the claimant's insured status. A claimant must show onset of disability prior to expiration of the claimant's insured status to be eligible for disability insurance benefits. 42 U.S.C. § 423(a) and (c); Ware v. Schweiker, 651 F.2d 408, 411 (5th Cir. 1981), *cert. denied*, 444 U.S. 952 (1979); Milam v. Bowen, 782 F.2d 1284, 1286 (11th Cir. 1986). In the case at bar, Plaintiff's insured status expired on December 31, 1987. R. 16, 66. Therefore, to be entitled to disability insurance benefits, Plaintiff must prove onset of disability prior to that date.

The Administrative Law Judge found at step 2 that Plaintiff did not have any "severe" impairment and thus was not disabled as defined by Social Security law. In particular, the Administrative Law Judge found no evidence of a disability in the period from 1983 through the end of 1987 as there were no medical records for this period.

**Legal standards guiding judicial review**

This court must determine whether the Commissioner's decision is supported by substantial evidence in the record and premised upon correct legal principles. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler,

703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted); Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Commissioner's factual findings are conclusive if supported by substantial evidence." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240, n. 8 (11th Cir. 2004) (citations omitted). The court must give "substantial deference to the Commissioner's decision." Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). "A 'substantial evidence' standard, however, does not permit a court to uphold the Secretary's decision by referring only to those parts of the record which support the ALJ. A reviewing court must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the ALJ." Tieniber v. Heckler, 720 F.2d 1251, 1253 (11th Cir. 1983). "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.' " Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) (citations omitted).

     A disability is defined as a physical or mental impairment of such severity that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  Both the "impairment" and the "inability" must be expected to last not less than 12 months.  Barnhart v. Walton, 535 U.S. 212, 122 S.Ct. 1265, 1272, 152 L.Ed.2d 330 (2002).

    The Commissioner analyzes a claim in five steps.  20 C.F.R. § 404.1520(a)-(f):

    1.    Is the individual currently engaged in substantial gainful activity?

    2.    Does the individual have any severe impairments?

    3.    Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

    4.    Does the individual have any impairments which prevent past relevant work?

    5.    Do the individual's impairments prevent other work?

A positive finding at step one or a negative finding at step two results in disapproval of the application for benefits.  A positive finding at step three results in approval of the application for benefits.  At step four, the claimant bears the burden of establishing a severe impairment that precludes the performance of past relevant work.  If the claimant carries this burden, the burden shifts to the Commissioner at step five to establish that despite the claimant's impairments, the claimant is able to perform other work in the national economy.  Chester, 792 F.2d at 131; MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, the claimant must prove that he or she cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

**Analysis**

Plaintiff testified that his current primary disability is post traumatic stress syndrome.  R. 304.  He said he cannot deal with people or authority.  *Id.*  He said that he had been "messed with so much in my life it is, and I hate saying it, but the Government did most of it, and I like being secluded."  *Id.*  He said that he could start a task, but could not finish it.  R. 305.

Physically, Plaintiff said that his legs were going bad and he had arthritis "bad in my back."  R. 305.  He said he could not walk great distances.  R. 306.  When he was on a ladder caulking a window, his leg would swell.  *Id.*  He still has shrapnel in one leg and ankle.  *Id.*  He experiences pain down his back into his legs.  *Id.*  On a scale of 10, the pain level is four or five.  *Id.*  He felt that he could sit for only 45 minutes and walk for 30 minutes or less.  R. 307.  He could pick up his son, weighing 30 or 40 pounds, but could not carry him any distance.  *Id.*  He had trouble bending and squatting.  R. 308.  During the day, he would frequently lie down.  *Id.*  He had trouble sleeping because he would recall Viet Nam experiences.  *Id.*

Plaintiff said that 15 or 20 years earlier, he was younger and his mental condition would "probably have been a little better" than now.  R. 309.  However, he said that he was drinking heavily and smoking "pot" then.  *Id.*  Since then he has stopped drinking excessively or smoking marijuana.  *Id.*  Plaintiff said that he did some electrical work in 1989, but was unable to "keep up with it."  R. 303-304.

The Administrative Law Judge found that Plaintiff had not engaged in substantial gainful activity between the alleged onset date, January 1, 1983, and the date his insurance status expired, December 31, 1987.  R. 16.  The Administrative Law Judge

then found no severe impairment based upon the lack of medical records for the relevant period. The Judge reasoned:

> The claimant has been awarded VA benefits, but this award was based exclusively on medical examinations performed in the 1990s, well after the expiration of the claimant's disability insurance under Title II of the Social Security Act. While it is possible that the conditions which formed the basis of the Veterans Administration's decision were in existence prior to January, 1988, the record contains absolutely no evidence to support such a finding. The only pre-1988 evidence noted in the record is the claimant's original reports at the time he received his wounds. (Exhibit 7F)

R. 17. The Judge found that Plaintiff's credibility was not at issue. *Id*.

Plaintiff was examined on February 24, 1996, to determine whether he was disabled due to left shoulder pain. R. 145-146. It was concluded that this was not a disabling condition. *Id*. However, on April 23, 1996, he was found to be disabled for an award of veteran's benefits. R. 204-215. Plaintiff's physical and post traumatic stress disorder difficulties are also set forth in a report of an examination on April 18, 2002. R. 196-203. While it is possible that Plaintiff's impairments were equally severe prior to December 31, 1987, there is no discussion or opinion in these records relating to that earlier period. The diagnosis of post traumatic stress syndrome was characterized in 1996 as "delayed onset." R. 203. The only other medical record available is the treatment record following the injuries suffered in Viet Nam, dated June 6, 1968. R. 216-217. As noted by the Commissioner, Plaintiff earned nearly $6,000 working in 1989, the last year he attempted to work. R. 71. This is some evidence that he was not yet completely disabled on December 31, 1987.

Plaintiff argues with some force that his problems began in 1967 with the injuries he suffered in Viet Nam, and consequently the problems must have existed prior to

December 31, 1987.  Certainly Plaintiff's current disability is connected to his service in Viet Nam and the Veteran's Administration has so found.  But this court must affirm the Commissioner's decision if it is supported by substantial evidence.  A claimant has the burden of proof throughout most of the five steps described above.

Further, the lack of medical records for the period prior to December 31, 1987, was not the only difficulty facing Plaintiff in proof of his claim.  Even if Plaintiff had presented medical records for the critical period, and even though it is known that substance abuse and post traumatic stress disorder are usually interrelated, under the Commissioner's current rules, Plaintiff would have had to show disability unrelated to substance abuse.[1]  But there are no medical records for the period before the expiration of insured status.  Consequently, the Commissioner has given substantial reasons for denying Plaintiff's claim and this court must affirm.

---

[1] "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. S 423(d)(2)(C).  "[T]he claimant bears the burden of proving that his alcoholism or drug addiction is not a contributing factor material to his disability determination."  Doughty v. Apfel, 245 F.3d 1274, 1280 (11th Cir. 2001).  "The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol."  20 C.F.R. § 404.1535(b)(1).

Case No. 4:06cv141-RH/WCS

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner to deny Plaintiff's application for Social Security benefits be **AFFIRMED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 3, 2007.

```
         s/    William C. Sherrill, Jr.
         WILLIAM C. SHERRILL, JR.
         UNITED STATES MAGISTRATE JUDGE
```

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**