IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FRANK EDWARD KING,

    Plaintiff,

v.                                              CASE NO. 4:06cv141-RH/WCS

MICHAEL J. ASTRUE,

    Defendant.

_____/

## ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS

    This matter is before the court on the magistrate judge's report and recommendation (document 21), and the objections thereto (document 22). I have reviewed *de novo* the issues raised by the objections. I conclude that the report and recommendation is correct and should be adopted as the opinion of the court, with this additional note.

    Plaintiff Frank Edward King was injured while on active duty in Viet Nam during the war. He suffers from continuing physical injuries and post traumatic stress disorder.

    Mr. King was employed after the war, including as an electrician. He alleges he was disabled as of January 1, 1983. Mr. King's insured status expired

on December 31, 1987.  The issue in this case is whether Mr. King was disabled within the meaning of the Social Security Act at any time between January 1, 1983, and December 31, 1987.  A person is disabled if, because of a medically determinable physical or mental impairment that can be expected to result in death or to last at least 12 continuous months, the person is unable to do "substantial gainful work which exists in the national economy."  42 U.S.C. §423(d)(2)(A).

Mr. King has asked for a jury trial.  But trial by jury is not available in a social security disability case.  Instead, an application for disability benefits is determined in the first instance by the Commissioner of Social Security based on a hearing conducted by an administrative law judge.  The Commissioner's decision is subject to review by a United States District Judge, sometimes (as in the case at bar) after entry of a report and recommendation by a United States Magistrate Judge.  The issue, as accurately set forth in the report and recommendation entered in this case, is whether the Commissioner's decision is supported by substantial evidence in the record of the administrative hearing.

I conclude that the Commissioner's decision *is* supported by substantial evidence.  As set forth in the report and recommendation, there is no medical evidence with respect to Mr. King's condition during the critical period (that is, between January 1, 1983, and December 31, 1987).  But he was employed as an

electrician as late as 1989.  That employment provides at least some support for the conclusion that even in 1989, Mr. King was not yet disabled within the meaning of the Social Security Act—that is, that he was not yet unable to do at least some substantial gainful work that existed in the national economy.  In addition, the absence of medical evidence from the 1983 to 1987 period itself provides some support for the conclusion that Mr. King was not disabled; most, though not all, people who have injuries severe enough to render them disabled seek medical care.

Finally, Mr. King's objections demonstrate some frustration, probably understandable, that the decision denying social security disability benefits has not been explained adequately.  He also says the administrative law judge made fun of him when he said his medical records were burned up in Viet Nam.  Communication is an inexact art; the message one intends to convey is often not the message that the listener hears.  The administrative law judge could not have intended to make fun of Mr. King.  To the extent his comments were understood that way by Mr. King, it is unfortunate.  Nothing in this record casts any doubt on the assertion that Mr. King served his country well and faithfully and was injured doing it.  Mr. King deserves nothing but respect for having done so.  That does not mean, however, that he is entitled to social security disability benefits.  Unlike

veteran's benefits—which are available based on qualifying partial as well as total disabilities and are available whenever a qualifying service-related disability arises—social security disability benefits are available only if a total disability (within the meaning of the Social Security Act) exists *during the insured period*. Medical records from an earlier time, even if they existed, would not necessarily show a disability *during the insured period*.

The Commissioner determined Mr. King was not disabled within the meaning of the Social Security Act during the insured period. The Commissioner's determination is supported by substantial evidence in the record. Mr. King therefore is not entitled to relief from the Commissioner's decision in this court.

For these reasons and those set forth at greater length in the report and recommendation, I conclude that the Commissioner's decision is supported by substantial evidence. Accordingly,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the opinion

of the court.  The Commissioner's decision denying benefits is AFFIRMED.  The clerk shall enter judgment accordingly and close the file.

SO ORDERED this 26th day of July, 2007.

s/Robert L. Hinkle<br>
Chief United States District Judge